UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGIONS BANK, an Alabama
state chartered bank,

      Plaintiff,

v.                                  Case No: 2:14-cv-476-FtM-29DNF

LEGAL OUTSOURCE PA, a
Florida professional
association, PERIWINKLE
PARTNERS LLC, a Florida
limited liability company,
CHARLES PAUL-THOMAS PHOENIX,
individually, and LISA M.
PHOENIX, individually,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Periwinkle Partner's Motion to Dismiss and Motion to Strike (Doc. #24), Lisa M. Phoenix's Motion to Dismiss and Motion to Strike (Doc. #25), Legal Outsource PA's Motion to Dismiss (Doc. #26), Charles PT Phoenix's Motion to Dismiss and Motion to Strike (Doc. #27), and Legal Outsource PA's Amended Motion to Dismiss[1] (Doc. #28). Plaintiff filed a Response in Opposition to Defendants' Motions to Dismiss (Doc. #31), and defendants filed a Reply and Motion to

_____

[1]Because Legal Outsource PA filed an Amended Motion to Dismiss (Doc. #28), the original Motion to Dismiss (Doc. #26) will be denied as moot.

Strike Regions Bank's Response in Opposition to Defendants' Motion to Dismiss (Doc. #37).   For the reasons set forth below, defendants' motions are denied.

## I.

Plaintiff's Verified Complaint (Doc. #1) alleges as follows: On May 30, 2013, Legal Outsource PA (Legal Outsource) executed and delivered a Promissory Note in the principal amount of $450,000 (Doc. #1-1), and a Commercial Security Agreement (Doc. #1-2) to Regions Bank (plaintiff or Regions Bank).   Charles Paul-Thomas Phoenix (C. Phoenix) also executed and delivered a Commercial Guaranty (Doc. #1-3) to Regions Bank on May 30, 2013.   The "Legal Outsource Loan Documents" collectively consist of the Promissory Note, the Commercial Security Agreement, and the Commercial Guaranty.

The obligation secured by the Legal Outsource Loan Documents matured on February 1, 2014, and was not paid in full, constituting an event of default.   (Doc. #1, ¶ 15.)   Plaintiff notified Legal Outsource and C. Phoenix of the default and demanded payment in full pursuant to a demand letter dated April 4, 2014.   (Id. ¶ 16; Doc. #1-5.)   Legal Outsource and C. Phoenix, however, have failed to cure the default.   (Id.)   As of August 14, 2014, the amount due under the Legal Outsource Loan Documents was $465,152.52, inclusive of principal, accrued interest, and late charges.   (Id. ¶ 17.)

On April 24, 2014, Regions Bank, by way of letter, notified Periwinkle Partners LLC (Periwinkle) of the maturity of plaintiff's loan to Legal Outsource and stated that neither Legal Outsource nor C. Phoenix has made payment as demanded. (Doc. #1, ¶¶ 26-28; Doc. #1-18, p. 2.) The letter further stated that Legal Outsource and C. Phoenix are guarantors of a loan between Regions Bank and Periwinkle and that their default under the Legal Outsource Loan Documents is an event of default pursuant to the "Periwinkle Loan Documents." (Id.) As a result of the default, Regions Bank accelerated Periwinkle's obligation and demanded payment in full. The "Periwinkle Loan Documents" consist of a Promissory Note in the original principal amount of $1,680,000, executed and delivered by Periwinkle to plaintiff on August 26, 2011 (Doc. #1-6); a Business Loan Agreement executed and delivered by Periwinkle to plaintiff on August 26, 2011 (Doc. #1-7); a Promissory Note in the original principal amount of $1,621,528, executed and delivered by Periwinkle to plaintiff on February 1, 2013 (Doc. #1-8); an Amendment to Promissory Note (Doc. #1-9); a Mortgage executed and delivered by Periwinkle to plaintiff on August 26, 2011, and granting Regions Bank a security interest and mortgage lien in certain collateral located at 2407 Periwinkle Way, Sanibel, Florida 33957 (the Property) (Doc. #1-10); an Assignment of Rents, executed and delivered by Periwinkle to secure the obligation (Doc. #1-11); a Commercial Security Agreement

executed and delivered by Periwinkle to plaintiff on August 26, 2011 (Doc. #1-12); a Commercial Guaranty executed and delivered by Legal Outsource to Regions bank on August 26, 2011, absolutely and unconditionally guaranteeing repayment of the obligation incurred by Periwinkle (Doc. #1-13); a Commercial Guaranty executed and delivered by C. Phoenix to Regions bank on August 26, 2011, absolutely and unconditionally guaranteeing repayment of the obligation incurred by Periwinkle (Doc. #1-14); and a Commercial Guaranty executed and delivered by Lisa M. Phoenix (L. Phoenix) to Regions bank on August 26, 2011, absolutely and unconditionally guaranteeing repayment of the obligation incurred by Periwinkle (Doc. #1-15).

In a subsequent letter, dated June 17, 2014, Regions Bank notified Periwinkle that the loan was still accelerated and stated that "an additional event of default exists in that The AT Phoenix Company, which was represented to the Bank as the sole member of Periwinkle Partners LLC, has apparently transferred its interest to third parties." (Doc. #1-18, p. 51.) Another event of default was identified in a letter dated June 20, 2014, specifically that Periwinkle failed to pay the 2013 ad valorem taxes in the amount of $25,575.54 on the Property and sold a tax certificate. (Id. at p. 53.) Periwinkle has yet to pay the loan in full and as of August 14, 2014, the amount due under the Periwinkle Loan Documents

was $1,593,145.01, inclusive of principal, accrued interest, and late charges. (Id. ¶ 29.)

Plaintiff initiated this action on August 20, 2014, by filing a six-count Verified Complaint against Legal Outsource, Periwinkle, C. Phoenix, and L. Phoenix. The Verified Complaint asserts claims for breach of note (Counts I and III), breach of guaranty (Counts II and IV), foreclosure (Count V), and receivership (Count VI). (Doc. #1.) Defendants assert that the Verified Complaint should be dismissed for failure to state a claim upon which relief can be granted and should be stricken, in whole or in part, because certain allegations are false when examined in light of the exhibits attached to the complaint.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." _Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, _Erickson v. Pardus_, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," _Mamani v. Berzain_, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." _Iqbal_, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." _Chaparro v. Carnival Corp._, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." _Iqbal_, 556 U.S. at 679.

### III.

As a preliminary matter, defendants assert that Regions Bank's response in opposition should be stricken as untimely. (Doc. #37.) Local Rule 3.01(b) provides that "[e]ach party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that

includes a memorandum of legal authority in opposition to the request." Local Rule 3.01(b). "When a party may or must act within a specified time after service . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Here, plaintiff's response was filed on October 22, 2014, sixteen days after the filing of the pending motions to dismiss. Because the response was filed within seventeen days of service, the Court finds plaintiff's response to be timely. Defendants' motion to strike is therefore denied.

## IV.

In Counts I – IV of the Verified Complaint, plaintiff seeks damages for the breach of the Legal Outsource Loan Documents and the Periwinkle Loan Documents. Counts I and III of the Verified Complaint assert claims for breach of note against Legal Outsource and Periwinkle, respectively. Count II alleges a breach of the Legal Outsource guaranty by C. Phoenix and Count IV alleges that Legal Outsource, C. Phoenix, and L. Phoenix breached the Periwinkle guaranties. Defendants assert that these claims should be dismissed for failure to state a claim upon which relief can be granted.

Under Florida law, the elements of a claim for breach of a promissory note and a claim for breach of a guaranty are the same as those used for a breach of contract claim. _Fifth Third Bank v. Alaedin & Majdi Invs., Inc._, No. 8:11-CIV-2206-T-17-TBM, 2013 WL

623895, at *3 (M.D. Fla. Feb. 20, 2013). In order to plead a claim for breach of contract under Florida law, a plaintiff must assert the existence of a valid contract, a material breach, and damages. Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). After reviewing the allegations in Counts I - IV of the Verified Complaint, the Court finds that the allegations are sufficient to plausibly give rise to an entitlement to relief.

## A.    Counts I and II

Count I of the Verified Complaint asserts a claim for breach of note against Legal Outsource and Count II asserts a claim for breach of guaranty against C. Phoenix. Legal Outsource assets that Count I should be dismissed because plaintiff failed to allege how the money owed under the Legal Outsource Loan Documents came to be owed (Doc. #28, p. 4), and C. Phoenix asserts that dismissal of Count II is warranted if Count I is dismissed because a guarantor cannot be held liable absent an event of default by the obligor (Doc. #27, p. 3). The Court finds both arguments to be without merit.

Plaintiff alleges that Legal Outsource executed a delivered a promissory note in the original principal amount of $450,000 to Regions Bank (Doc. #1, ¶ 11), that Legal Outsource breached the Legal Outsource Loan Documents because it failed to repay the obligation in full on the date of maturity (Id. ¶ 15), that it gave Legal Outsource notice of the default and demanded payment in

full (Id. ¶ 16), and that as of August 14, 2014, the amount of damages was $465,152.52, inclusive of principal, accrued interest, and late charges (Id. ¶ 17). Accepting these allegations as true, the Court finds that plaintiff has plausibly alleged a claim for breach of note; therefore, Legal Outsource's motion to dismiss Count I is denied. As such, C. Phoenix's motion to dismiss Count II must also be denied.

**B.   Counts III and IV**

In Count III of the Verified Complaint, plaintiff alleges a claim for breach of note against Periwinkle and Count IV asserts a claim for breach of guaranty against Legal Outsource, C. Phoenix, and L. Phoenix. Periwinkle asserts that Count III should be dismissed because plaintiff has failed to allege an event of default. (Doc. #24, p. 3.) Specifically, Periwinkle argues that the allegations in paragraphs 22, 26, 27, and 29 of the Verified Complaint squarely conflict with the exhibits attached thereto. Legal Outsource, C. Phoenix, and L. Phoenix assert that Count IV should be dismissed if it is determined that Count III fails to state a claim upon which relief may be granted.

In paragraph 22 of the Verified Complaint, plaintiff alleges that "The Periwinkle Obligation is cross-defaulted with the Legal Outsource Obligation." (Doc. #1, ¶ 22.) Plaintiff elaborates on the alleged cross-default in paragraph 26, which states as follows: "Based on Legal Outsource's default and the failure of C. Phoenix

9

to pay the Legal Outsource Obligation, the Obligors are in default on the Periwinkle Obligation pursuant to the Periwinkle Loan Document." (Id. ¶ 26.) Periwinkle claims that the loan documents do not support these allegations. The Court disagrees. The Promissory Note executed by Periwinkle on February 1, 2013, states that an event of default by any guarantor constitutes an event of default under the terms of the Promissory Note. (Doc. #1-8, p. 2.) The section of the Promissory Note titled "Other Defaults" states that the failure "to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower" constitutes an event of default. (Id.) Because Legal Outsource and C. Phoenix are guarantors of the loan (Doc. #1-13; Doc. #1-14), the Court finds that the allegations regarding the cross-default in paragraphs 22 and 26 are not contradicted by the exhibits.

Periwinkle also argues that the guaranty made by Legal Outsource cannot serve as a basis for a default because plaintiff did not require Legal Outsource to guaranty the loan. While this may be true, the fact of the matter is that Legal Outsource did execute a Commercial Guaranty (Doc. #1-13); thus, Periwinkle's argument is without merit.

Paragraph 27 alleges that Periwinkle "is additionally in default due to the transfer of C. Phoenix's ownership interest in Periwinkle to L. Phoenix, Ivy Jo Nemeth, and Sun Realty Associates,

LLC, in violation of the Periwinkle Loan Documents." (Doc. #1, ¶ 27.) Periwinkle contends that the transfer of an ownership interest is not an event of default identified in the loan documents. The Periwinkle Loan Documents, however, show otherwise. Both the Business Loan Agreement and the Mortgage executed by Periwinkle provide that if any member withdraws from Periwinkle, it shall constitute an event of default. (Doc. #1-7, p. 4; Doc. #1-10, p. 5.) Because plaintiff alleged that C. Phoenix transferred his ownership interest in Periwinkle, the Court finds this event of default to be adequately alleged.

Periwinkle's next argument pertains to paragraph 29. Specifically, Periwinkle argues that the amount alleged in paragraph 29 is false because it is impossible for the balance due to be greater than the balance stated in the demand letter dated April 21, 2014. Periwinkle, however, has failed to support its contention with anything other than a naked assertion; thus, its motion to dismiss must be denied as to this issue.

In conclusion, the Court finds that the allegations in the Verified Complaint are not contradicted by the exhibits. Accordingly, Periwinkle's motion to dismiss Count III is denied. Because the allegations in the Verified Complaint are sufficient to render Count III plausible, Legal Outsource, C. Phoenix, and L. Phoenix's motions to dismiss Count IV are denied.

**V.**

Defendants assert that Count V should be dismissed because no foreclosure can occur for technical/non-monetary defaults.   In Delgado v. Strong, 360 So. 2d 73, 75 (1978), the Florida Supreme Court stated:

> It is well-established that courts of equity may refuse to foreclose a mortgage when an acceleration of the due date would render the acceleration unconscionable and the result would be inequitable and unjust . . . Consistent with this principle, courts have denied foreclosure of a mortgage where breach of the mortgage was merely a technical one and such breach did not place the security in jeopardy.

Id.; see also Pezzimenti v. Cirou, 466 So. 2d 274, 277 (Fla. 2d DCA 1985) (upholding a foreclosure caused by the defendant's failure to pay the attorney's fees incurred in the removal of mechanic's liens).   Because a court may, in its discretion, grant a foreclosure for a technical breach, defendants' argument is without merit.   Furthermore, the Court is unable to determine if the breach did not place the security in jeopardy at this time. Accordingly, defendants' motions to dismiss Count V is denied.

**VI.**

In Count VI of the Verified Complaint, plaintiff seeks the appointment of a receiver to take possession and control of the collateral securing the obligations in this matter.   The appointment of a receiver in a diversity action is governed by federal law.   Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.,

12

153 F.3d 1289, 1292 (11th Cir. 1998).  The decision to appoint a receiver "rests in the sound judicial discretion" of the court. Atl. Trust Co. v. Chapman, 208 U.S. 360, 377 (1908).  Nevertheless, appointment of a receiver is an extraordinary equitable remedy available when there is no remedy at law or the remedy is inadequate.  United States v. Bradley 644 F.3d 1213, 1310 (11th Cir. 2011).  Federal courts may consider a variety of factors in determining whether a receiver is warranted, including: (1) the presence of a contractual receivership provision; (2) fraudulent conduct on the part of the defendant; (3) imminent danger that property will be lost or squandered; (4) the inadequacy of available legal remedies; (5) the probability that harm to the plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; (6) plaintiff's likelihood of success on the merits; and (7) whether the receivership will in fact serve the plaintiff's interests.  Nat'l P'ship Inv. Corp., 153 F.3d at 1291 (citing Consol. Rail Corp. v. Fore River Ry. Co., 861 F.2d 322, 326–27 (1st Cir. 1988)).

Here, plaintiff alleges that the loan documents provide for the appointment of a receiver and that a receiver is necessary to manage and control the collateral during the pendency of this action because the obligors have failed to segregate, account, or pay over rents, issues, and profits generated from the collateral as required by the applicable loan documents, and defendants are

unable to cover their debt as it becomes due and owing.  (Doc. #1, ¶¶ 50-59.)  Accepting these allegations as true, the Court finds that Count VI is adequately pled.

Accordingly, it is now

**ORDERED:**

1.   Periwinkle Partner's Motion to Dismiss and Motion to Strike (Doc. #24) is **DENIED.**

2.   Lisa M. Phoenix's Motion to Dismiss and Motion to Strike (Doc. #25) is **DENIED.**

3.   Legal Outsource PA's Motion to Dismiss (Doc. #26) is **DENIED as moot.**

4.   Charles PT Phoenix's Motion to Dismiss and Motion to Strike (Doc. #27) is **DENIED.**

5.   Legal Outsource PA's Amended Motion to Dismiss (Doc. #28) is **DENIED.**

6.   Defendants' Reply and Motion to Strike Regions Bank's Response in Opposition to Defendants' Motion to Dismiss (Doc. #37) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of December, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record