UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Regions Bank,                                 Civ. No. 2:14-476-FtM-PAM-MRM

                Plaintiff,

v.                                     **MEMORANDUM AND ORDER**

Legal Outsource PA,
Periwinkle Partners LLC,
Charles Paul-Thomas Phoenix,
and Lisa M. Phoenix,

                Defendants.
_____

This matter is before the Court on Plaintiff's Motion for Attorney's Fees, and Defendants' Motion to Vacate Judgment. For the following reasons, the Motion for Attorney's Fees is granted and the Motion to Vacate Judgment is denied.

**BACKGROUND**

The full factual background of this case is set forth in the Court's Amended Order granting in part Plaintiff Regions Bank's motion for summary judgment. (Docket No. 376.) Together with the Order on Defendants' motion in limine (Docket No. 405), the Amended Order disposed of all of Regions's claims in its favor. The Clerk entered judgment for Regions on March 30, 2017 (Docket No. 406). The Court thereafter amended that judgment to specifically provide amounts due and to grant Regions other relief. (Docket Nos. 430, 431.)

After the initial judgment was entered, Regions sought its attorney's fees under the terms of the loan documents at issue. The Court initially denied that motion without

prejudice, finding that it was premature to determine the fees issue because Defendants had appealed. (Docket No. 417.) In addition, the Court granted Defendants' motion to stay the proceedings pending appeal, but conditioned that stay on Defendants' posting a supersedeas bond. (Id.) Defendants did not post the bond, and no stay issued.

In early August, the Eleventh Circuit dismissed the appeal because Defendants failed to file a timely brief. (Docket No. 438.) Defendants ultimately persuaded the appellate court to reinstate the appeal, and that appeal is not yet fully briefed. In the meantime, Regions again moved for its attorney's fees. In response, Defendants filed a Motion to Vacate, contending that documents Regions submitted in support of its Motion show that Regions committed discovery violations that warrant vacating the Court's prior Judgment.

**DISCUSSION**

**A.      Motion to Vacate**

Defendants contend that 212 emails Regions submitted in support of its requested attorney's fees show that Regions did not comply with its discovery obligations in this case. Defendants' Motion is patently frivolous. These emails are communications between Regions and its attorneys or among Regions's attorneys. As such, they were privileged and not subject to discovery. Indeed, as Regions notes, Defendants did not seek any privileged documents in discovery. Moreover, merely because e-mails were exchanged between a party and its attorney does not make those e-mails subject to discovery. Defendants' Motion to Vacate is nothing more than another attempt to forestall the inevitable in this matter.

2

Regions seeks the attorney's fees it expended responding to Defendants' frivolous Motion as a sanction. And while the Court agrees that filing this Motion constitutes sanctionable conduct, the Court also believes that the imposition of sanctions in this instance will serve no purpose. Defendants, and particular Defendant Charles Phoenix, who is acting as attorney for the other Defendants, have repeatedly shown that they are immune to attempts to coerce positive behavior. Defendants' litigation tactics are nothing short of abhorrent, but at this juncture it is for the Court of Appeals to determine the merits of this case and any appropriate relief. Regions's request for sanctions is therefore denied.

**B.     Attorney's Fees**

Regions contends that it is due more than $500,000 from Defendants for attorney's fees and costs it expended in prosecuting this matter. The parties' agreements, in the form of the documents comprising the loans at issue, support the award of fees and costs. The notes provide that, should the bank be required to collect unpaid balances on the notes, Defendants "will pay [the bank] the amount of the[] costs and expenses, which includes . . . [the bank's] reasonable attorney's fees and . . . legal expenses." (Compl. Exs. A, F, H.) The commercial security agreements and commercial guaranties contain substantially similar language, with Defendants "agree[ing] to pay upon demand all of [the bank's] costs and expenses," including legal fees and legal expenses "incurred in connection with the enforcement of this Agreement." (Id. Exs. B, C, L, M, N, O.) As this Court has previously determined, Regions has established that it is entitled to recover its reasonable attorney's fees and costs in this matter. (Docket No. 430.)

The only issue for determination in this Motion is the reasonableness of the fees and costs Regions requests. Regions has supported its request with documentation of the fees expended and the costs incurred. Defendants' response initially reiterates the arguments made in support of their frivolous Motion to Vacate. And when Defendants respond substantively to the Motion, that response is without merit. For example, Defendants assert that Regions redacted its time records and thus that Defendants cannot challenge those records. But the redactions are, at most, personally identifying information regarding client representatives who are not parties to this litigation, and thus are properly (and likely required to be) redacted. The redactions did not preclude Defendants from evaluating the propriety of the time billed. Defendants also contend that the bills contain "numerous duplicative cost entries." (Defs.' Opp'n Mem. (Docket No. 454) at 4.) But Defendants do not specify any such duplicative entries, and thus have not met their burden with respect to these allegedly duplicative entries.

Finally, Defendants argue that Regions is not entitled to fees as a matter of law. But the Court has already determined that issue and will not reconsider it.

The Court has evaluated the hours claimed and the hourly rate requested, and determines that the hours spent are reasonable for this litigation, which was protracted in large part because of Defendants' litigation conduct. The aggregate hourly rate, moreover, is well within the rates charged for similar work in this geographic area. Regions has therefore established that its requested fees and costs are reasonable.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Attorney's Fees (Docket No. 435) is **GRANTED**;

2. Defendants' Motion to Vacate (Docket No. 445) is **DENIED**; and

3. Defendants shall pay Plaintiff's reasonable attorney's fees of $454,222.87 and costs of $55,434.63.

Dated: December 21, 2017

*s/ Paul A. Magnuson*
PAUL A. MAGNUSON
United States District Court Judge